UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - :
JOHN T. BROWN,                      :  09 Civ. 6834 (LAK) (JCF)
                                    :
            Plaintiff,              :      REPORT AND
                                    :    RECOMMENDATION
    - against -                     :
                                    :
CITY OF NEW YORK, COUNTY OF NEW     :
YORK, RAY KELLY POLICE              :
COMMISSIONER, UNKNOWN N.Y.P.D.      :
OFFICERS, TRANSCARE AMBULANCE       :
CORP., HARLEM HOSPITAL CENTER,      :
DENNIS BROWN, M.D., MARIA S.        :
LORILLA, R.N., NETHANELL ZARSAGA,   :
R.N., DANFORD WILLIAMS,             :
SUPERINTENDENT, E. GREER, A.R.& R.  :
SECURITY, CIRCUMSPECT SECURITY      :
SERVICES, SHINDA MANAGEMENT CORP.,  :
CRYSTAL FORTUNE, OCC. MANAGER,      :
E.M. MORE HOUSING FOR THE ELDERLY,  :
INDIVIDUALLY AND IN THEIR OFFICIAL  :
CAPACITIES, ET. AL.,                :
                                    :
            Defendants.             :
- - - - - - - - - - - - - - - - - - :
TO THE HONORABLE LEWIS A. KAPLAN, U.S.D.J.:

     John T. Brown brings this action pro se pursuant to 42 U.S.C.

§§ 1983 and 1985 against the City of New York, Police Commissioner

Ray Kelly, Officers Davis and Frazer of the New York City Police

Department (the "NYPD"), the Harlem Hospital Center, Dennis Brown,

M.D., Maria S. Lorilla, R.N., Nethaneil Zarsaga, R.N.,[1] and

Firefighter Foster of the New York City Fire Department

(collectively, the "City Defendants"); Transcare Ambulance

Corporation ("Transcare") and Emergency Medical Technicians

("EMTs") Ehlers and Contrateas; E.M. Moore Housing For the Elderly

_____

     [1] Mr. Zarsaga's first name is spelled "Nathanell" in the
Amended Complaint, which, based on a review of the documents
attached to that pleading, seems to be a typographical error.

                              1

("E.M. Moore"), superintendent Danford Williams, and site manager Crystal Fortune (collectively, the "E.M. Moore Defendants"); Eric Greer and A.R. & R. Security Corporation; and Shinda Management Corporation.  The plaintiff sues all defendants individually and in their official capacities.  (Amended Complaint ("Amend. Compl."), ¶ 7).  He alleges violations of his constitutional rights in connection with a forced entry into his apartment by a New York City firefighter who was accompanied by NYPD Officers, EMTs, and employees of his landlord, after which he was involuntary removed to Harlem Hospital.

Mr. Brown contends that the defendants (1) conspired to conceal the fact that they broke into his apartment "with malice to cause harm and suffering," (2) "tortured, sedated, and placed [IVs] in plaintiff's arm for reasons unknown" in violation of the United States Constitution, and (3) falsified documents, committed fraud, and conspired with one another to conceal their illegal kidnapping of the plaintiff.  (Amend. Compl., ¶¶ 60-62).  The plaintiff seeks declaratory and injunctive relief, $100,000,000 in compensatory damages, and $100,000,000 in punitive damages.  (Amend. Compl., ¶ 63 et seq.).

Transcare and the E.M. Moore Defendants now move under Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of all claims against them.  For the reasons discussed below, I recommend that their motions be granted.

<u>Background</u>

    A.   <u>Facts</u>

The facts set forth below are drawn from the Amended Complaint and must be accepted as true for the purposes of a motion to dismiss. <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (<u>per curiam</u>). Mr. Brown is a resident of E.M. Moore. (Amend. Compl., ¶ 8). On January 15, 2009, he accidentally triggered the emergency alarm in his apartment. (Amend. Compl., ¶ 9). The plaintiff's doorbell rang and, when he looked through his peephole, he saw the superintendent of the building, Mr. Williams, standing in the hallway with NYPD Officers, building security personnel, and EMTs. (Amend. Compl., ¶¶ 11-12). Without opening his front door, Mr. Brown asked for instructions on how to turn off the alarm. (Amend. Compl., ¶ 15). He also made at least two requests to see a warrant, which the police officers lacked. (Amend. Compl., ¶¶ 16-17). A New York City Firefighter then broke the lock of his door (Amend. Compl., ¶¶ 7, 37), and an NYPD officer came into the apartment, ordered the plaintiff to stand against the wall, and handcuffed him. (Amend. Compl., ¶ 20). The plaintiff alleges that the handcuffs were so tight that they left a scar on his "right arm and wrist" for months. (Amend. Compl., ¶ 25).

Mr. Brown claims that he was brought outside the building and placed in an ambulance, where his feet were tied to a bed and he was tortured. (Amend. Compl., ¶ 21). At some point while the plaintiff was in the ambulance, someone in a white uniform opened the side door of the ambulance and injected him with a sedative.

(Amend. Compl., ¶¶ 22-23).

When Mr. Brown woke up the next morning, he was "very nervous" and his body was shaking.  (Amend. Compl., ¶ 27). Four days later, he asked Ms. Fortune, the site manager for E.M. Moore, to allow him to inspect the visitor log book so that he might identify the EMTs and the police officers responsible for his abduction.  (Amend. Compl., ¶ 33).  Ms. Fortune refused to help him.  (Amend. Compl., ¶ 33).

B.   Procedural History

Mr. Brown filed the Complaint in this action on August 3, 2009.  Both the E.M. Moore Defendants and Transcare submitted motions to dismiss on October 5, 2009.  On November 9, 2009, the plaintiff filed an Amended Complaint, and on December 15, 2009, he responded to the defendants' motions.

Discussion

A.   Legal Standard for Dismissal

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Erickson, 551 U.S. at 93-94; Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004).  A complaint need not contain detailed factual allegations, but must contain more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action. Ashcroft v. Iqbal, ___ U.S. ____, ____, 129 S. Ct. 1937, 1949-50 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)).

Where the complaint's factual allegations permit the court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint fails to meet the requirements of Rule 8. Id. at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

Pro se complaints are held to less stringent standards than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008) (citing Erickson, 551 U.S. at 94). In fact, pleadings of a pro se party should be read "'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)). Even after Iqbal, which imposed heightened pleading standards for all complaints, pro se complaints are to be liberally construed. See Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). Dismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements. See Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997).

On a motion to dismiss, the court is generally limited to reviewing the allegations in the complaint and documents attached to it or incorporated by reference. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-54 (2d Cir. 2002). The court may also consider documents necessarily relied upon by the plaintiff in drafting the complaint. Id. at 153-54.

B.   Section 1983 Claims

The plaintiff seeks injunctive relief and damages under §

1983.[2]  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979).  To state a claim under § 1983, a plaintiff must allege that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States."  Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Mr. Brown's factual allegations, read liberally, describe incidents that could constitute several violations of the United States Constitution.  The entry into Mr. Brown's apartment and his alleged handcuffing suggest claims of illegal search and seizure, false arrest, and excessive force under the Fourth and Fourteenth Amendments.  In addition, his forced removal to the hospital and the injection of the sedative imply a claim of imposition of unwanted medical care in violation of his right to privacy secured by the Fourteenth Amendment.  However, because the plaintiff fails to meet threshold requirements of § 1983 concerning the liability of private parties, it is unnecessary to determine whether his

---

[2] Section 1983 provides as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress. . . ."

allegations sufficiently establish these constitutional claims.

### 1.   The Liability of Private Parties

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" <u>Flagg v. Yonkers Savings and Loan Association, FA</u>, 396 F.3d 178, 186 (2d Cir. 2005).  Therefore, "[i]n order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." <u>Ciambrello v. County of Nassau</u>, 292 F.3d 307, 323 (2d Cir. 2002); accord <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 838 (1982) ("In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment.").  This requirement "'preserves an area of individual freedom by limiting the reach of federal law and avoids the imposition of responsibility on a State for conduct it could not control.'"  <u>Fisher v. Silverstein</u>, No. 99 Civ. 9657, 2004 WL 1933610, at *3 (S.D.N.Y. Aug. 30, 2004) (quoting <u>National Collegiate Athletic Association v. Tarkanian</u>, 488 U.S. 179, 191 (1988)).

"Where the defendant is a private entity, the plaintiff must show that there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." <u>Prince v. City of New York</u>, No. 08 Civ. 5400, 2009 WL 2778262, at *3 (S.D.N.Y. Sept. 2, 2009).

7

This connection may be demonstrated "where the private actor operates as a willful participant in joint activity with the State or its agents, is controlled by an agency of the State, has been delegated a public function by the state, or is entwined with governmental policies." Chodkowski v. City of New York, No. 06 Civ. 7120, 2007 WL 2717872, at *8 (S.D.N.Y. Sept. 11, 2007) (citing Tancredi v. Metropolitan Life Insurance Co., 316 F.3d 308, 312 (2d Cir. 2003)).

### 2.   Ms. Fortune and Mr. Williams

The plaintiff asserts that someone at E.M. Moore, possibly Mr. Williams, called 911 on the evening of the incident. (Amend. Compl., ¶ 10).  Mr. Brown further alleges that he saw Mr. Williams outside his apartment when he looked through the peephole (Amend. Compl., ¶ 12) and that Mr. Williams was among those asking him to open his door despite the fact that the police did not have a warrant.  (Amend. Compl., ¶ 16).  Finally, in his opposition papers, Mr. Brown states that Mr. Williams should remain liable because he stood by "saying nothing at all to stop" those who kidnapped and arrested him.  (Traverse of the Return, ¶ 3).

"[F]urnishing information to the police does not by itself make someone a joint participant in state action under Section 1983." Valez v. City of New York, No. 08 Civ. 3875, 2008 WL 5329974, at *3 (S.D.N.Y. Dec. 16, 2008).  Furthermore, because courts have found parties not to be liable under § 1983 even when they supply the police with false information, Chodkowski, 2007 WL 2717872 at *9, Mr. Williams cannot be held liable for his mere

passivity.

The plaintiff reports that Ms. Fortune was unwilling to help him identify the ambulance company that had transported him to the hospital (Amend. Compl., ¶ 33) and that her uncooperativeness caused him distress. (Amend. Compl., ¶¶ 37, 40). However, "[a]ctions taken by [the private defendants] alone, without any involvement of the police and or effect on plaintiff's civil rights . . . do not permit or suggest the inference of any agreement to act in concert." Vazquez v. Combs, No. 04 Civ. 4189, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004).

Lastly, Mr. Brown alleges that all of the defendants -- presumably including Mr. Williams and Ms. Fortune -- conspired to conceal their illegal actions and to falsify documents. (Amend. Compl., ¶¶ 60-62). However, the plaintiff's allegations are entirely conclusory; he asserts no facts to show that Mr. Williams and Ms. Fortune colluded with the City Defendants such that they can be deemed state actors. See Prince, 2009 WL 2778262, at *4 (citing Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992) ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."); cf. Lucas v. Novogratz, No. 01 Civ. 5445, 2002 WL 31844913, at *4-5 (S.D.N.Y. Dec. 18, 2002) (plaintiff adequately pled defendants acted under color of state law in alleging specific facts that, if proved, would show the existence of "joint action or agreement" for police officer to exercise his "state-conferred power" as a law enforcement agent "at

9

the behest of" defendants).

                 3.   <u>E.M. Moore and Transcare</u>

     Both Transcare and E.M. Moore are private companies. (Transcare's Memorandum of Law in Support of Motion to Dismiss at 7, 14; E.M. Moore Defendants' Memorandum of Law in Support of Motion to Dismiss at 5). The plaintiff has made no allegations to suggest that the conduct of these defendants constitutes state action for the purposes of § 1983.

     Furthermore, private employers are not vicariously liable under § 1983 for the constitutional torts of their employees under a theory of <u>respondeat superior</u>. <u>See</u> <u>Fisk v. Letterman</u>, 401 F. Supp. 2d 362, 375 (S.D.N.Y. 2005) (citing <u>Rojas v. Alexander's Department Store, Inc.</u>, 924 F.2d 406, 408-09 (2d Cir. 1990)). However, a private corporation could be held liable under § 1983 for its own unconstitutional policies. <u>Id</u>. Therefore, a plaintiff seeking to survive a motion to dismiss must allege that "'action pursuant to official . . . policy of some nature caused a constitutional tort.'" <u>Id.</u> (quoting <u>Rojas</u>, 924 F.2d at 408).

     The Amended Complaint contains two allegations against Transcare. First, Mr. Brown asserts that Transcare

> is responsible for the over-all operation of its staff who acted in concert with the N.Y.P.D. Officer, E.M. Moore's superintendent, and E[.]M. Moore's security Officer, [and] Fire Department staff in breaking into plaintiff's apartment door prior to his abduction from his residence[.] [A]t all [times mentioned] in this complaint each defendant[] acted under color of law and with malice and a deliberate indifference to the Constitution[al] Rights of its Citizens.

(Amend. Compl., ¶ 5). This claim, while consistent with the

existence of an unconstitutional policy to subject Mr. Brown to false arrest, is no more than a bare assertion.   It is not buttressed by specific allegations that would make the existence of such a conspiracy "plausible," as required by current pleading doctrine.   Iqbal, ___ U.S. at ___, 129 S. Ct. at 1950.

The plaintiff also insists that a bill he received from Transcare for transportation services in the amount of $559.00 is a "fraudulent" "ransom note." (Amend. Compl., ¶¶ 47, 46).  Such an accusation, however, does not amount to an allegation of unconstitutional conduct because "[a] single incident involving an employee below the policymaking level will generally not suffice to support an inference of a [] custom or policy, absent factual allegations 'tending to support, at least circumstantially, such an inference.'" Davis v. County of Nassau, 355 F. Supp. 2d 668, 678 (E.D.N.Y. 2005) (citations omitted) (quoting Zahra v. Town of Southhold, 48 F.3d 674, 685 (2d Cir. 1995) (plaintiff inmate failed to allege that defendant county tacitly or actively encouraged a policy of providing constitutionally inadequate medical care).[3]

In addition, the Amended Complaint lacks specific allegations against E.M. Moore.   Although Mr. Brown alleges acts by E.M. Moore's employees Mr. Williams and Ms. Fortune, these acts do not

_____

[3] There are exceptional cases involving a single act in which an inference of an unconstitutional policy or practice may be drawn, but only when the act is "so severe as to reach the level of gross negligence or deliberate indifference to the deprivation of the plaintiff's constitutional rights." Owens v. Haas, 601 F.2d 1242, 1246 (2d Cir. 1979) (single act was a "brutal and premeditated beating" of plaintiff inmate by security guards).  Mr. Brown's allegations against E.M. Moore and Transcare, however, do not rise to the requisite level of extremity.

even circumstantially support an inference that E.M. Moore encouraged unconstitutional conduct as a policy.  See Davis, 355 F. Supp. 2d at 678.

Accordingly, I recommend that the § 1983 claims against Transcare and E.M. Moore be dismissed.

C.   Section 1985 Claims

Mr. Brown also seeks relief under § 1985.[4]   To make out a violation of § 1985(3), a petitioner must demonstrate: "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, . . .; (3) an act in furtherance of the conspiracy; (4) whereby a person is . . . deprived of any right of a citizen of the United States.'"  Brown v. City of Oneonta, New York, 221 F.3d 329, 341 (2d Cir. 2000) (quoting Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir. 1993)).  In addition, the plaintiff must show that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidiously

_____

[4] The only relevant subsection of § 1985 is subsection (3), which provides in part as follows:

> If two or more persons in any State . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

12

discriminatory animus behind the conspirators' action." <u>Manbeck v. Micka</u>, 640 F. Supp. 2d 351, 382 (S.D.N.Y. 2009).

Mr. Brown's complaint lacks any allegation of "invidiously discriminatory animus" and in fact only alleges conspiracy in general and conclusory terms. (Amend. Compl., ¶¶ 5, 6, 7, 47). Therefore, the § 1985 claims must be dismissed as to all the moving defendants. <u>See Palmieri v. Lynch</u>, 392 F.3d 73, 86-7 (2d Cir. 2004) ("Indeed, as [the plaintiff] never contended that a class-based animus existed, nor alleged the existence of any circumstances indicating a conspiracy, there was simply no basis for discovery.").

D.   <u>State Law Claims</u>

Mr. Brown has attached to the Amended Complaint a "Notice of Intention to File Claim" filed in the New York Court of Claims (Notice of Intention to File Claim dated April 3, 2009, attached as Exh. N to Amend. Compl.) as well as an acknowledgment that he filed a Notice of Claim with the City of New York. (Acknowledgment of Claim dated April 21, 2009, attached as Exh. L to Amend. Compl.). The plaintiff has also referenced these attachments in the body of the Amended Complaint. (Amend. Compl., ¶ 58). These documents, read liberally, could be interpreted to raise claims against Transcare and the E.M. Moore Defendants based in New York State law. Nevertheless, since Mr. Brown's federal claims against these defendants should be dismissed, the Court should also decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any state law claims. <u>See Thomas v. City of Mount Vernon</u>, 215

## Conclusion

For the reasons set forth above, I recommend that Mr. Brown's amended complaint be dismissed as to Transcare and the E.M. Moore Defendants, without prejudice to repleading, provided that the plaintiff can do so consistent with the legal principles set forth above. Pursuant to 28 U.S.C § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objection shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Lewis F. Kaplan, Room 1310, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           March 2, 2010

Copies mailed this date:

John T. Brown
160 W. 116th Street - Apt. 6C
New York, New York 10026

14

Andrew Myerberg, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007

Mary E. Mohnach, Esq.
Wilson Elser Moskowitz Edelman &
    Dicker LLP
3 Gannett Drive
White Plains, New York 10604

Albert E. Risebrow, Esq.
Fumoso Kelly Deverna Snyder
    Swart & Farrell, LLP
110 Marcus Boulevard
Happauge, New York 11788

A.R. & R. Security
E. Greer
229 West 145th Street
New York, New York 10045

Shinda Management Corp.
217-02 Jamaica Avenue
Queens Village, New York 11428